IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC BRIGGS, a/k/a JOSEF DUPREE, ) | |
| IDOC # B73562, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-563-GPM |
| ) | |
| CITY OF CAHOKIA, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Isaac Briggs, a/k/a Josef Dupree, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Lawrence Correctional Center, brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged violation of his constitutional rights by persons acting under color of state law.[1] This matter is before the Court on Briggs's motion for leave to proceed in forma pauperis ("IFP") (Doc. 3), wherein Briggs requests leave to proceed in this case without prepayment of the Court's usual $350 filing fee for a civil action. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a person who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation

---

1. For the sake of simplicity, the Court will refer to Plaintiff as "Briggs" throughout this Order. The Court notes that at the time Briggs filed this lawsuit he was on mandatory supervised release from IDOC custody, so that his complaint is not subject to the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified in various sections of 28 and 42 U.S.C.). *See Kane v. Lancaster County Dep't of Corr.*, 960 F. Supp. 219, 220-21 (D. Neb. 1997) (a person who is not incarcerated at the time he or she files a suit is not a "prisoner" for purposes of the PLRA). As will be discussed in more detail presently, however, Briggs's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

of an affidavit stating the person's assets, as well as "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). However, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious . . . [or] (ii) fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though a court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

According to the allegations of Briggs's pro se complaint, on March 16, 2011, Briggs was arrested by police in the employ of Defendant City of Cahokia ("Cahokia").[2] Briggs alleges that he was held by Cahokia police for more than forty-eight hours without a probable cause determination by a magistrate. The Fourth Amendment to the United States Constitution provides an accused the

---

2. In fact, the Cahokia Police Department is named as a Defendant in this case. However, as a rule a municipal police department is not a proper party to an action under 42 U.S.C. § 1983 because a municipal police department has no separate legal existence apart from the municipality that it serves. *See, e.g., Harrison v. City of Chicago*, No. 05 C 2680, 2005 WL 3542576, at *2 (N.D. Ill. Dec. 22, 2005) (dismissing the Chicago Police Department as a defendant in a Section 1983 action because it has no separate legal existence apart from the City of Chicago and therefore is not a suable entity under the statute).

right to a prompt probable cause determination.  *See County of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).  When someone is arrested and detained without a warrant, it is presumptively reasonable for that person to be detained up to forty-eight hours pending a determination of probable cause.  *See Portis v. City of Chicago, Ill.*, 613 F.3d 702, 703-04 (7th Cir. 2010); *Chortek v. City of Milwaukee*, 356 F.3d 740, 746 (7th Cir. 2004).  If the arrestee does not receive a probable cause determination within forty-eight hours of a warrantless arrest, "the government must demonstrate the existence of an emergency or other extraordinary circumstance to justify its failure to promptly present the person arrested to a judicial officer for a probable cause determination."  *Lopez v. City of Chicago*, 464 F.3d 711, 714 (7th Cir. 2006).

In general, of course, liability under 42 U.S.C. § 1983 is premised upon active participation in a deprivation of constitutional rights.  Thus, "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions" and "to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  Accordingly, a municipality can be liable under Section 1983 only if the municipality itself, through a policy or custom, deprives someone of their constitutional rights.  *See Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).  Municipal liability can be found under three circumstances:  (1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) through an allegation that the constitutional injury was caused by a person

with final policy-making authority. *See Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704-05 (7th Cir. 1998). In this instance Briggs alleges none of the circumstances under which municipal liability may be found in a Section 1983 case. Moreover, a Section 1983 plaintiff seeking to impose liability on a municipality for an unconstitutional policy or custom generally must allege something more than his or her own isolated experience. *See Gustafson v. Jones*, 117 F.3d 1015, 1022 (7th Cir. 1997) (citing *Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997)) ("isolated incidents" of unconstitutional conduct do not show the existence of a municipal policy or custom); *Zubek v. City of Chicago*, No. 04 C 5399, 2006 WL 1843396, at *5 (N.D. Ill. July 5, 2006) ("A plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy; alleging one specific incident will not suffice. Likewise, a plaintiff's own isolated experiences are insufficient to establish custom.") (citation omitted). Here there is nothing in the allegations of Briggs's complaint, apart from those concerning his own isolated experience, to suggest that Cahokia maintains an unconstitutional policy or custom of holding arrestees more than forty-eight hours without a probable cause determination by a magistrate. Briggs's complaint will be dismissed.[3]

---

3. The Court notes as a further matter that Briggs's lawsuit appears to run afoul of the settled rule that a plaintiff convicted or sentenced for an offense may not bring an action for damages under 42 U.S.C. § 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court can judicially notice information available on the official website of the IDOC. *See Westefer v. Snyder*, 725 F. Supp. 2d 735, 745 (S.D. Ill. 2010). According to the IDOC's website, Briggs, who, as noted, was on mandatory supervised release from IDOC custody when this action was filed, was returned to IDOC custody on August 31, 2011, presumably as a result of the offense for which Briggs was arrested on March 16, 2011. If so, then Briggs's suit against Cahokia is *Heck*-barred. However, the Court need not decide the question.

To conclude, the Court finds that Briggs has failed to state a claim upon which relief may be granted and therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Briggs's motion for leave to proceed IFP (Doc. 3) is **DENIED** and this action is **DISMISSED with prejudice**. Briggs's motion for appointment of counsel (Doc. 2) and Briggs's motion for service of process at government expense (Doc. 4) are **DENIED as moot**. The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  November 2, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge