IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISAAC BRIGGS, a/k/a JOSEF DUPREE, )
IDOC # B73562, )
                                               )
              **Plaintiff,**     )
                                               )
vs. ) CIVIL NO. 11-563-GPM
                                               )
CITY OF CAHOKIA, et al., )
                                               )
              **Defendants.**  )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff Isaac Briggs, a/k/a Josef Dupree (for the sake of simplicity, the Court will refer to Plaintiff as "Briggs" throughout this Order) brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged violation of his constitutional rights by persons acting under color of state law. Briggs currently is on parole from the custody of the Illinois Department of Corrections ("IDOC").[1] According to Briggs's pro se complaint in this case, on March 16, 2011, while Briggs was on parole from IDOC custody, Briggs was arrested by police in the employ of Defendant City of Cahokia ("Cahokia") and held for more than forty-eight hours without a probable cause determination by a magistrate. On November 2, 2011, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Briggs failed to state a claim for municipal liability under Section 1983; judgment was entered the same day. Briggs now moves pursuant to Rule 60 of the Federal Rules

---

1. The Court can take judicial notice of information available on the official website of the IDOC. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases). The IDOC's website shows both that Briggs was on parole at the time of the incident giving rise to this case and that Briggs currently is on parole.

of Civil Procedure to vacate the Court's judgment and to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

In the Seventh Circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, then request leave to amend his or her pleading pursuant to Rule 15(a). *See Amendola v. Bayer*, 907 F.2d 760, 765 n.4 (7th Cir. 1990). Although Briggs's post-judgment motion is denominated as being brought under Rule 60, in general a motion brought within twenty-eight days of the entry of a judgment seeking reconsideration of matters decided on the merits, such as a manifest error of law or fact, is deemed to be a motion to alter or amend a judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008).[2] A Rule 59(e) motion is proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A decision on a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Further, motions for reconsideration of judgments are not favored, because true manifest errors of law and fact "rarely arise" and thus "the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

---

2. At the time Briggs filed the instant motion, he was incarcerated. Under the familiar "mailbox rule," a prisoner's legal papers, including a Rule 59(e) motion, are deemed to be filed when they are delivered to prison officials for mailing. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001). The record reflects that Briggs's post-judgment motion was delivered to prison officials for mailing on November 16, 2011. *See* Doc. 9 at 3.

With respect to post-judgment requests to amend a complaint, although before entry of judgment there is a presumption in favor of freely amending pleadings, "the presumption in favor of liberality in granting motions to amend . . . is reversed after judgment has been entered." *First Nat'l Bank of Louisville v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 933 F.2d 466, 468 (7th Cir. 1991). Said differently, although before judgment is entered leave to amend pleadings is to be freely given as justice requires, "justice may require something less in post-judgment situations than in pre-judgment situations." *Doe v. Howe Military Sch.*, 227 F.3d 981, 989 (7th Cir. 2000) (quoting *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1196 (7th Cir. 1985)). The decision to grant or deny a post-judgment request to amend a complaint is committed, of course, to a court's discretion. *See Bank of Waunakee*, 906 F.2d at 1192; *United States Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980). A post-judgment request for leave to amend a complaint can be denied for any of the ordinary reasons leave to amend may be denied, including undue delay, bad faith, prejudice to the opponent, dilatory motive on the part of the moving party, or when amendment would be futile. *See Crestview Vill. Apartments v. HUD*, 383 F.3d 552, 558 (7th Cir. 2004) (post-judgment leave to amend may be denied where the proposed amendment would be futile); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) (citing *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001)) ("Under Rule 15, a court may deny [post-judgment] amendment due to undue delay, bad faith, dilatory motive, prejudice or futility.").[3]

---

3. In this connection, the Court notes that Briggs has not tendered to the Court a copy of his proposed amended complaint so that the Court can evaluate whether or not the amended pleading corrects the defects in Briggs's original complaint for which Briggs's original complaint was dismissed. In any event, for the reasons to be discussed presently, Briggs's proposed amendment of his complaint is futile.

A parolee does not enjoy "the absolute liberty to which every citizen is entitled, but only [a] conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Because of the conditional nature of their liberty, parolees are subjected to greater scrutiny by state parole officials and do not enjoy the full range of constitutional protections accorded to free citizens. "Parole . . . creates only a conditional liberty interest; revocation of parole deprives the parolee 'only of the conditional liberty properly dependent on observance of special parole restrictions.' The reasoning that justifies releasing prisoners on parole also dictates that the revocation of parole need not involve 'the full panoply of rights' and procedural safeguards provided to a defendant in a criminal proceeding." *Faheem-El v. Klincar*, 841 F.2d 712, 720 (7th Cir. 1988) (quoting *Morrissey*, 408 U.S. at 480). Thus, the Supreme Court of the United States has held, individuals on probation are not entitled to the full protections of the Fourth Amendment accorded to free citizens. *See Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (probationers do not enjoy "the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions."). *See also United States v. Knights*, 534 U.S. 112, 119 (2001) ("Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.").[4] Because of a parolee's reduced privacy interest and the government's interest in monitoring those who have already demonstrated an inclination to violate the law, the seizure of a parolee need not be supported

---

4. Arguably parolees may be entitled to even less constitutional protection than probationers. *See United States v. Cardona*, 903 F.2d 60, 63 (1st Cir. 1990) ("[P]arolees enjoy even less of the average citizen's absolute liberty than do probationers."). Even so, parolees, like probationers, retain a status of conditional liberty warranting at least some constitutional protection. *See Griffin*, 483 U.S. at 874.

by probable cause to pass constitutional muster. Instead, the United States Court of Appeals for the Seventh Circuit has held, the seizure of a parolee "based on only reasonable suspicion" that the parolee has violated a term of his or her parole agreement is congruent with the Fourth Amendment. *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003). Reasonable suspicion is "something less than probable cause but more than a hunch." *United States v. Swift*, 220 F.3d 502, 506 (7th Cir. 2000). "In the case of persons arrested for violating parole, a preliminary hearing to determine probable cause must be conducted 'as promptly as convenient after arrest while information is fresh and sources are available,' and a plenary hearing must be held within a 'reasonable time after the parolee is taken into custody' – normally two months." *Atkins v. City of Chicago*, 631 F.3d 823, 827 (7th Cir. 2011) (quoting *Morrissey*, 408 U.S. at 485, 488). In *Atkins*, the court found constitutional a seven-day delay in affording a preliminary hearing to a parolee arrested for a suspected parole violation. *See id*. at 828. The *Atkins* court also addressed the Illinois state regulations concerning preliminary hearings for persons charged with parole violations. Those regulations state, in pertinent part, that "[t]he preliminary hearing shall be held within 10 days of the parolee's apprehension unless continued by the hearing officer for up to an additional two weeks to permit the production of witnesses or materials relevant to the hearing." Ill. Admin. Code tit. 20, § 1610.140(b)(3). The Seventh Circuit Court of Appeals upheld the constitutionality of the regulations. *See Atkins*, 631 F.3d at 827. In this case Briggs claims only that, following his arrest for a parole violation, he was detained for more than forty-eight hours without a hearing on probable cause pursuant to an alleged policy of the Cahokia police and the IDOC. Briggs's allegations do not state a claim for a violation of Briggs's constitutional rights as a parolee. Therefore, Briggs's post-judgment motion will be denied.

To conclude, Briggs's motion to alter or amend the Court's judgment and to file an amended complaint (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 21, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge